UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Arnold Lopez, et al., § § Plaintiffs, § § versus § § JPMorgan Chase Bank, N.A., et al., § § Defendants. § | Civil Action H-19-4580 |

## Opinion on Summary Judgment

A.  *Introduction.*

Arnold Lopez and Hilda Lopez have a home in Houston. They bring claims under the Texas Constitution because the lender on their home-equity loan, Loan Depot, did not completely close that loan to Hilda at the constitutionally required location. The Lopez's notified Loan Depot of this defect, and it did nothing to cure it.

Loan Depot has not sought to foreclose their home equity loan. They simply insist that they get the remedies for this harmless error that are in the Texas Constitution – a free house.

Article 50 of the Texas Constitution prevents the unauthorized sale of homes through brutally stringent requirements for lenders. Among them is a requirement to close the loan at a specific location. The remedy for violating this rule requires that the lender forfeit (1) their right in the homestead and (2) all principal and interest that has been paid by the buyer. Yes, that means a free house.

The rights granted in the Texas Constitution propose to protect the homestead. The protection would be in these "technical errors." This "protection" largely raised the cost of lending on home equity, foregoing the homeowners access to employ the equity in their business or otherwise. It simply raises the cost of business and housing prices for future homeowners.

The facts specific to this case demand a narrow holding that will not award Arnold and Hilda Lopez a free home for a technical error. Loan Depot will prevail.

B.  *Background.*

On November 21, 2016, Arnold and Hilda Lopez purchased a home on the credit of their home equity in Texas. Arnold Lopez met the notary at a title company to sign the documents. Hilda Lopez met the same notary at her workplace to sign the loan and other documents. The deed of trust says the loan would conform to requirements under the Texas Constitution.

Four years later, Arnold and Hilda Lopez sent the new lender a notice to cure. Fannie Mac and JP Morgan Chase Bank had taken the loan. The lender said there were no violations. They did not offer to refinance the loan.

On May 1, 2020, LoanDepot took title to the loan. Arnold and Hilda Lopez have timely paid on the loan.

The borrowers sued the lenders for violating the Texas Constitution by failing to: (a) deliver a copy of the final executed loan documents, and (b) close the loan at the office of the lender, its attorney office, or title company's office. They seek a declaratory judgment that their mortgage secured by the equity is void. They also seek forfeiture of principal and interest paid on the loan.

The lenders moved for summary judgment

C.  *Standing.*

The United States Constitution says that federal courts must decide only "cases" and "controversies." National courts have standing if there is a cognizable injury.

The lenders say Arnold and Hilda Lopez lack standing. The banks and others are not seeking foreclosure. They say the dispute is based on "what ifs." Arnold and Hilda Lopez say they are injured by having to pay a void lien.

Article 50 of the Texas Constitution does not create a cause of action. Parties to a deed have standing to sue for breach of contract.[1]

The Lopezs assert a prospective injury that is not typically recognized as standing. Arnold and Hilda are parties to the deed and affidavit. They want to prepare for defaulting on their payment by identifying defects in the event of foreclosure.

This limit on home equity encourages homeowners to find defects in hopes that they can get a free home. The lenders are left with zilch – plus some attorney fees. Texas insists it is a valid claim for standing based on breach of contract. Because this court applies Texas law, there is standing.

D.  *Article 50.*

The Texas Constitution requires that a loan supported by home equity be closed "only at the office of the lender, an attorney at law, or a title company."[2] This clause was intended to prohibit a coercive closing of an equity loan at the home of the borrower.[3] The Constitution also requires a borrower receive copies of executed loan documents.

The borrower must notify the lender if the loan does not meet the requirements. A notice gives the lender 60 days to cure the defect through six corrective measures. The catch-all measure in the Constitution offers debtors a refund for $1,000 and right to refinance to cure defect. If the lender does not, it forfeits all principal and interest.

E.  *The Closing Location.*

In the loan documents, Arnold and Hilda Lopez said under oath that the documents were executed as required by the Texas Constitution. This was untrue. Hilda Lopez did not close the loan at the required location. She closed

---

[1] *Priester v. Long Beach Mortg. Co.*, 2016 WL 9504324

[2] Section 50(a)(6)(N)

[3] *Fin. Comm'n of Texas v. Norwood*, 418 S.W.3d 566, 588 (Tex. 2013)

at her workplace, Krogers, the same day as Arnold. Arnold Lopez closed at a law firm.

The lenders offered no evidence that Arnold and Hilda Lopez closed at the title office. Instead, it relies on a perfectly clear affidavit that says the loan complies with the Texas Constitution.

Sufficient evidence shows that Hilda Lopez did not close the loan at the required location. Arnold and Hilda Lopez filed a notary log with GPS coordinates that correspond with Hilda's workplace. They filed an affidavit by the notary that says Hilda Lopez closed the loan at her workplace, Krogers.

Arnold Lopez closed the loan at a law firm. The evidence also shows that the lenders gave the borrowers copies of required documents because the lenders filed a copy of the receipt of loan documents. Arnold and Hilda Lopez pleaded they did not get the document, and later, abandoned the claim.

Because Arnold Lopez signed at the constitutionally required location and received copies of the loan agreement, his part of the loan is sound. He has no claim against the lender.

G. *Breach of Contract.*

Arnold and Hilda Lopez claim the lender breached the contract because the deed was defective. Texas law says a borrower may seek forfeiture under breach of contract if (1) the lender did not take corrective action following notice of a defect and (2) the borrower sustained actual damages as a result of the uncured defect.[4]

The lenders did not take corrective action. The lender says the constitutionally mandated corrective measures would not have actually cure the defect. It says Arnold and Hilda Lopez sustained no actual damages.

The Constitution has a catch-all provision that requires the lender to offer to refinance the loan. It did not. Still – Hilda Lopez did not sustain damage as a result.

---

[4] *Garfolo v. Ocwen Loan Servicing, LLC*, 497 S.W.3d 484, 497 (Tex. 2016).

The catch-all provision would not have cured the defect because there is no defect to cure. The loan was not defective because Arnold Lopez signed at the constitutionally required location. Even though Hilda Lopez did not, she voluntarily consented to the lien by signing the deed of trust.[5] The location she signed has no bearing on the validity of the loan because her husband signed at the required location. Her behavior may have triggered a "gotcha" for the lender but the loan remains without a defect because Arnold and Hilda Lopez own the home as a married couple. Arnold Lopez's signature was sufficient for the lien and he satisfied the lenders requirements. Her signature was unnecessary.

Arnold and Hilda Lopez did not sustain actual damages as a result of the uncured violation. The lender has never sought foreclosure. The lien is not void to the marital community. Hilda Lopez must have been able to show actual damages to invoke the drastic remedy of forfeiture. She does not. Her spouse has cured all of the defects in the validity of the debt against the marital property.[6]

H. *Conclusion.*

Hilda Lopez does not meet the elements for breach of contract. Because she owns the home with Arnold Lopez who met the lender's requirements, they take nothing from JPMorgan Chase Bank, N.A., and Loan Depot.

Signed on January 24, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[5] *Wilmington Trust National Association v. Blizzard,* 702 Fed. Appx. 214, 216 (5th Cir. 2017)

[6] *Foster v. Infotree Invs. & Mgmt., LLC,* No. 07-20-00031-CV, 2021 WL 298446 (Tex. App. Jan. 28, 2021)